## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**KIMBERLY MCAFEE**                                                                 **PLAINTIFF**

vs.                                                        CIVIL ACTION No.: 3:18-CV-300-HTW-LRA

**ALLSTATE INSURANCE COMPANY** *et al*                                          **DEFENDANTS**

### ORDER REGARDING MOTION TO DISMISS

BEFORE THIS COURT is defendant Allstate Insurance Company's (hereinafter referred to as "AIC") Motion to Dismiss First Amended Complaint **[Docket no. 8]**. The plaintiff herein is Kimberly McAfee. This court has subject matter jurisdiction over this litigation by way of Title 28 U.S.C. § 1332[1].

Following the fire loss on June 1, 2017, plaintiff submitted her claim to defendant Allstate Property and Casualty Insurance Company (hereinafter referred to as "APCIC"), which is the insurance company that issued the subject policy. Following the denial of her claim, plaintiff filed suit against not only Allstate Property and Casualty Insurance Company, but also Allstate Insurance Company. The other defendants are Wilbur Jordan and William "Mac" Hodges. Plaintiff sues AIC under three counts: (1) bad faith failure to pay the policy's benefits, bad faith denial of claims, and bad faith investigation (Count II); (2) bad faith adjusting and gross negligence, and

---

[1] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
28 U.S.C.A. § 1332 (West)

1

reckless disregard for the Plaintiff's rights (Count III); and (3) negligent and intentional infliction of emotional distress (Count VII).

AIC says its should be dismissed from this litigation. Aside from the shotgun allegations against all defendants, says AIC, plaintiff alleges a sole count against AIC. Within that count, plaintiff alleges that APCIC was an "alter-ego and agent of Allstate Insurance Company" and for that reason alone, AIC is liable under the doctrine of *respondeat superior*. There are no facts stated within the complaint to support this allegation, continues AIC. Plaintiff does not allege that AIC is a parent company of APCIC. Plaintiff does not allege facts supporting vicarious liability. Plaintiff does not allege that AIC issued the subject policy to plaintiff; instead, plaintiff correctly alleges that APCIC issued the only policy concerning her property. Accordingly, reasons AIC, the amended complaint against AIC should be dismissed.

This court agrees with AIC that plaintiff's complaint against AIC lacks the requisite specificity. Plaintiff asks this court to allow discovery, but plaintiff, before filing suit and naming AIC was required to be in possession of enough pleadable facts to add AIC as a defendant here; instead, much of plaintiff's complaint includes AIC lumped with the other defendants.

Fed. R. Civ. P. 8(a) sets forth the pleading requirements to state a valid cause of action. Rule 8 states that a pleading must state a claim for relief which contains a "short and plain statement of the claim showing that the pleader is entitled to the relief."

> To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint fails if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Dismissal is appropriate if the complaint lacks factual allegations central to an element of the claim. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

*Shine v. Jones*, 743 F. App'x 566, 567–68 (5th Cir. 2018).

Plaintiff contends that she has asserted plausible claims against AIC. She asserts that APCIC is the alter ego of AIC, making AIC responsible under a theory of *respondeat superior*. This conclusory statement is devoid of any factual allegations in support of the claim.

As earlier stated, plaintiff has included no allegations to demonstrate that AIC should be held liable as the alleged parent company of APCIC. The Plaintiff has not even alleged that AIC is the parent company of APCIC. The Plaintiff has failed to set forth any of the required elements to pierce the corporate veil within her First Amended Complaint. There are no allegations asserting that AIC or its shareholders did not observe corporate formalities. *See Gammill v. Lincoln Life and Annuity Distributors, Inc.*, 200 F. Supp. 2d 632, 633 (S.D. Miss. 2001) (finding that the plaintiff had alleged sufficient facts to prove that the defendants were acting as alter-egos). Finally, plaintiff failed to allege facts supporting a claim for *respondeat superior*, a theory she also adopts. Tellingly, while plaintiff alleges that AIC is liable for the acts of APCIC under the doctrine of *respondeat superior*[2], plaintiff does not allege that AIC is the employer of APCIC. Plaintiff's allegation is not supported by the law or the facts within her complaint.

IT IS, THEREFORE, ORDERED that defendant Allstate Insurance Company's (hereinafter referred to as "AIC") Motion to Dismiss First Amended Complaint **[Docket no. 8]** is hereby **GRANTED**.

IT IS FURTHER ORDERED that all of plaintiff's claims against Allstate Insurance Company are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED this the 29th day of September, 2019.**

                                       **s/ HENRY T. WINGATE**
                                       **UNITED STATES DISTRICT COURT JUDGE**

---

[2] "Generally, an employer is liable for the negligent acts of its employee done in the course and scope of his employment under the doctrine of *respondeat superior* […]." *Dorsey v. Tadlock*, 2012 WL 4467267, at 2 (N.D. Miss. Sept. 27, 2012) (citing *McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994)).