IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY MCAFEE**  PLAINTIFF

vs.  CIVIL ACTION No.: 3:18-CV-300-HTW-LRA

**ALLSTATE INSURANCE COMPANY** *et al*  DEFENDANTS

## ORDER REGARDING MOTION TO STRIKE

BEFORE THIS COURT is plaintiff's Motion to Strike Affirmative Defenses of Allstate Property and Casualty Insurance Company **[Docket no. 16]**. Plaintiff's Motion to Strike Affirmative Defenses of Allstate Property and Casualty Insurance Company is filed pursuant to Rule 12(f)[1] of the Federal Rules of Civil Procedure. Plaintiff herein is Kimberly McAfee. Defendant Allstate is Allstate Property and Casualty Insurance Company not Allstate Insurance Company – also a named defendant in this lawsuit. Defendant Allstate opposes the motion.

A house owned by the plaintiff located in Meridian, Mississippi, which was insured by Allstate sustained fire damage on June 1, 2017. After the conclusion of its investigation, Allstate denied the claim allegedly because (1) the plaintiff made material misrepresentations during the investigation of the claim; (2) the plaintiff breached the insuring agreement of the insurance policy by failing to notify Allstate that she had moved out of the house and had begun renting the home to tenants; (3) the plaintiff failed to produce documents requested by Allstate during the investigation; and (4) the plaintiff did not reside in the home, and residency in the house is a prerequisite to coverage under the Allstate policy.

---

[1] (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1) on its own; or
    (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
Fed. R. Civ. P. 12

1

Plaintiff filed suit in Lauderdale County Circuit Court, and the case was properly removed to this Court. After removal, Allstate filed an Answer and Affirmative Defenses [Doc. 3] on May 16, 2018, along with a Motion to Dismiss Certain Counts of the Complaint [Doc. 6].

On May 24, 2018, the plaintiff filed a Motion to Strike the Affirmative Defenses of Allstate [Doc. 16]. Plaintiff moved to strike Allstate's First, Second, Third, Fifth Sixth, Seventh, Eighth, Nineteenth, and Twentieth Affirmative Defenses. These defense are set out below: First defense – that plaintiff failed to cooperate in the fire investigation; Second defense – that plaintiff made material misrepresentations and/or concealed pertinent matters; Third defense – estoppel and waiver; Fifth defense – unclean hands; Sixth defense – that defendant intends to rely on other affirmative defenses that are as yet undiscovered; Seventh defense – that plaintiff failed to comply with the terms of the subject insurance policy; Eighth defense – that plaintiff's concealment and misrepresentations hindered defendant's investigation of the fire; Nineteenth defense – that there is no coverage under the subject insurance policy; and Twentieth defense – that plaintiff failed to cooperate in the fire investigation and, therefore, there is no coverage under the insurance policy. Plaintiff contends that these defenses fail to comply with pleading standards under Rule 8[2] of the

---

[2] (c) Affirmative Defenses.
    (1) In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;

Federal Rules of Civil Procedure and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff adds that these defenses, namely, the First, Second, Third, Fifth Sixth, Seventh, Eighth, Nineteenth, and Twentieth Affirmative Defenses should be stricken because Allstate failed to plead the requisite "independent facts" to support its defenses. Plaintiff says Allstate's Third, Fifth, and Sixth Affirmative Defenses should be stricken pursuant to Rule 8(c) because each constitutes a broad, vague defense which is not pled with sufficient particularity to provide plaintiff with "fair notice" of the defenses being advanced or the basis for each defense.

Although Allstate characterizes plaintiff's motion as without merit, in an abundance of precaution, Allstate says it filed an Amended Answer and Affirmative Defenses [Docket no. 21] on June 1, 2018. Allstate's Amended Answer, says Allstate, provides substantial details regarding the affirmative defenses, including an over two (2) page summary of the misrepresentations made by the plaintiff during the investigation of the claim. As noted in the affirmative defense, some of

---

- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

(2) Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

(e) Construing Pleadings. Pleadings must be construed so as to do justice.

Fed. R. Civ. P. 8

these misrepresentations were made as part of the plaintiff's sworn testimony during an examination under oath.

This court notes that plaintiff has not filed a supplemental motion to strike, since Allstate filed its Amended Answer and, therefore, has not addressed the supplement to the affirmative defenses. Accordingly, this court denies plaintiff's motion to strike as moot.

IT IS, THEREFORE, ORDERED that plaintiff's Motion to Strike Affirmative Defenses of Allstate Property and Casualty Insurance Company **[Docket no. 16]** is **MOOT** and **DENIED AS SUCH**.

**SO ORDERED this the 29th day of September, 2019.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**